COUNTY HOSPITALS — PRELIMINARY PREPARATIONS Under the provisions of 19 O.S. 787 [19-787] (1970), a Board of Control must be created to preside over and monitor preliminary preparations for county hospital facilities. The Attorney General has considered your letter dated August 26, 1971, wherein you ask the following questions: "1. In purchasing and erecting a new county hospital must the County Commissioners first establish a Board of Control to select an architect and approve the plans and specifications under 19 O.S. 787 [19-787] (1970)? "2. If the first question is answered in the negative, how are the County Commissioners to give notice of and accept bids as provided in 19 O.S. 782 [19-782] (1970) et seq., since said sections could then only apply to alterations, additions or enlargements of existing hospital buildings?" Title 19 O.S. 787 [19-787] (1970), provides: "Out of the proceeds of said bonds the County Commissioners shall proceed to purchase a suitable site for the erection of such county hospital and to erect said building on said site, or to alter, add to, or enlarge existing hospital buildings in accordance with the plans and specifications to be prepared by an experienced architect and submitted to said Board of County Commissioners, which plans and specifications shall have been approved by the Board of Control hereinafter created. Said Board of Control shall be responsible for selecting an experienced licensed architect." (Emphasis added) Repeated references are made to the Board of Control in Chapter 17, Title 19 of the Oklahoma Statutes, and it appears clear that the approval of the Board of Control is a necessary step in the construction of county hospital facilities. Section 787, hereinabove cited, clearly contemplates and makes mandatory the creation of a Board of Control for the purposes of retaining a licensed architect, and approving the proposed plans and specifications thereafter prepared. It directly follows from a reading of the entire Act that the creation of a Board of Control is an integral and necessary step to expedite county hospital construction. Therefore, your first question must be answered in the affirmative. With regard to your second question, as to the procedures to be followed in taking bids and the letting of contracts for the construction of hospital facilities, we cite 19 O.S. 788 [19-788] (1970), which reads in pertinent part: "(a) All contracts for county hospital construction work, alteration, additions, or repairs exceeding Five Thousand Dollars ($5,000.00) in any calendar year, shall be let to the lowest responsible bidder or bidders after notice of publication in a newspaper of general circulation published in the county where the work is to be done in two consecutive weekly issues of the newspaper. Each bid shall be accompanied by a certified or cashier's check equal to five percent (5%) of the bid or Ten Thousand Dollars ($10,000.00), whichever is the smaller, which shall be deposited with the Board of Control as a guaranty, and forfeited to the county treasurer to the credit of the county hospital fund in the event the successful bidder fails to comply with the terms of the proposal. . . "(b) All the notices of the letting of contracts under this section shall state the time and place bids will be received and opened. Such bids shall be sealed and opened only at the time and place mentioned in the notice and in the presence of a majority of the members of the Board of Control. The successful bidder for the construction of the work shall enter into a contract on a form furnished and prescribed by the Board of Control and shall give good and sufficient performance bond in a sum equal to the contract price, to the county, with sureties approved by the Board of Control, to insure the proper and prompt completion of the work . . ." (Emphasis added) The procedures for issuance of notice for competitive bidding and the letting of contracts are specifically enumerated by Section 788, supra. It is clear from a reading of Section 788 together with the other relevant sections of Title 19, Chapter 17 that the Board of Control, created pursuant to 19 O.S. 789 [19-789] (1970), is to preside over and monitor the preliminary preparations for the construction of county hospital facilities. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative; the relevant statutes make mandatory the appointment and creation of a Board of Control. Your inquiry as to the procedural steps to be followed in the taking of bids and letting of contracts is answered in 19 O.S. 788 [19-788] (1970), which also provides that the Board of Control is to administer such procedures. (Michael D. Tinney)